IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MINOTAUR SYSTEMS LLC, ) | Case No. |
| ) | |
| Plaintiff, ) | **JURY TRIAL DEMANDED** |
| ) | |
| v. ) | |
| ) | |
| AT&T INC., AT&T MOBILITY LLC, and ) | |
| AT&T SERVICES INC., ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Minotaur Systems LLC ("Minotaur" or "Plaintiff") for its Complaint against Defendants AT&T Inc., AT&T Mobility LLC, and AT&T Services Inc. (collectively, "AT&T" or "Defendants") alleges as follows:

**THE PARTIES**

1. Minotaur is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 209 East Austin Street, Marshall, Texas 75670.

2. Defendant AT&T Inc. is a Delaware corporation and maintains its principal place of business at Whitacre Tower, 208 South Akard Street, Dallas, Texas, 75202 and may be served with process via its registered agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas, 75201. Upon information and belief, AT&T Inc. does business in Texas, directly or through intermediaries, and offers its products and/or services, including those accused herein of infringement, to customers and potential customers located in Texas, including in the judicial Eastern District of Texas.

1

3. Defendant AT&T Services, Inc. is a Delaware corporation and maintains its principal place of business at Whitacre Tower, 208 South Akard Street, Dallas, Texas, 75202 and may be served with process via its registered agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas, 75201. Upon information and belief, AT&T Services, Inc. does business in Texas, directly or through intermediaries, and offers its products and/or services, including those accused herein of infringement, to customers and potential customers located in Texas, including in the judicial Eastern District of Texas.

4. Defendant AT&T Mobility LLC is a Delaware corporation and maintains its principal place of business at 1025 Lenox Park Blvd NE, Atlanta, Georgia 30319, and may be served with process via its registered agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas, 75201. Upon information and belief, AT&T Mobility LLC does business in Texas, directly or through intermediaries, and offers its products and/or services, including those accused herein of infringement, to customers and potential customers located in Texas, including in the judicial Eastern District of Texas.

## JURISDICTION

5. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

6. This Court has personal jurisdiction over AT&T in this action because AT&T has committed acts within the Eastern District of Texas giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over AT&T would not offend traditional notions of fair play and substantial justice. AT&T conducts business and has committed acts of patent infringement and/or has induced acts of patent infringement by others in

this Judicial District and/or has contributed to patent infringement by others in this Judicial District, the State of Texas, and elsewhere in the United States by, among other things, offering to sell and selling products and/or services that infringe the Patents-in-Suit.

7. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400(b). AT&T is registered to do business in Texas and, upon information and belief, AT&T has transacted business in the Eastern District of Texas and has committed acts of direct and indirect infringement in the Eastern District of Texas.  AT&T has regular and established places of business in this Judicial District, including at least its retail stores, which sell and provide assistance with the accused products in this Complaint, and offices located at 712 East Grand Avenue, Marshall, TX 75670; 3300 Dallas Parkway, Suite 100, Plano, TX 75093; 6000 North Central Expressway, Plano, TX 75074; 701 North Central Expressway, Suite 400, Plano, TX 75075; 8305 Preston Road, Suite 400C, Plano, TX 75024; 8700 Preston Road, Suite 117, Plano, TX 75024; 3400 West Plano Parkway, Plano, TX 75075; 3400 West Plano Parkway, Plano, TX 75075; AT&T Foundry - 2900 West Plano Parkway, Plano, TX 75075; 3300 East Renner Road, Richardson, TX 75082; 1410 East Renner Road, Richardson, TX 75082; 2180 North Glenville Drive, Richardson, TX 75082; 1125 East Campbell Road, Richardson, TX 75081; 2270 Lakeside Boulevard, Richardson, TX 75082; 2220 Campbell Creek Boulevard, Richardson, TX 75082; 250 Richmond Ranch Road, Texarkana, TX 75503; 4901 North Stateline, Texarkana, TX 75503; and 5112 Summerhill Road, Texarkana, TX 75503. Defendants are subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due to at least to its substantial business in this State and Judicial District, including (a) at least part of its past infringing activities, (b) regularly doing or soliciting business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

**PATENTS-IN-SUIT**

8. On June 10, 2008, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,386,376 (the "'376 Patent") entitled "Vehicle Visual and Non-Visual Data Recording System". A true and correct copy of the '376 Patent is available at: https://pdfpiw.uspto.gov/.piw?PageNum=0&docid=7386376.

9. On January 12, 2016, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,237,242 (the "'242 Patent") entitled "Roadside and Emergency Assistance System". A true and correct copy of the '242 Patent is available at: https://pdfpiw.uspto.gov/.piw?PageNum=0&docid=9237242.

10. On May 16, 2017, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,652,023 (the "'023 Patent") entitled "Power Management System". A true and correct copy of the '023 Patent is available at: https://pdfpiw.uspto.gov/.piw?PageNum=0&docid=9652023.

11. Minotaur is the sole and exclusive owner of all right, title, and interest in the '376 Patent, the '242 Patent, and the '023 Patent (the "Patents-in-Suit") and holds the exclusive right to take all actions necessary to enforce its rights to the Patents-in-Suit, including the filing of this patent infringement lawsuit. Minotaur also has the right to recover all damages for past, present, and future infringement of the Patents-in-Suit and to seek injunctive relief as appropriate under the law.

**FACTUAL ALLEGATIONS**

12. The '376 Patent generally discloses a system for recording video of a driver, including biometric data related to the driver. The technology described by the '376 Patent was developed by inventors Otman A. Basir, Fakhreddine Karray, Kristopher Desrochers, Jean-Pierre

Bhavnani, David Bullock, and Inam Rahim.  For example, technology described in the '376 Patent is implemented by driver drowsiness detection systems.

13. The '242 Patent generally discloses a system for vehicle roadside assistance.  The technology described by the '242 Patent was developed by  Otman A. Basir.  For example, technology described in the '242 Patent is implemented by roadside assistance systems which allow for remote communication with a vehicle.

14. The '023 Patent generally discloses a system for wireless communication between a vehicle and a mobile device.  The technology described by the '023 Patent was developed by inventors Otman A. Basir, William Ben Miners, and Vladimir Filippov.  For example, technology described in the '023 Patent is implemented through vehicle communication systems with a control unit having a wireless communication module and a power management module.

15. AT&T has infringed and is continuing to infringe the Patents-in-Suit by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or import fleet-management and monitoring solutions, such as products and methods that infringe the Patents-in-Suit.

## COUNT I
**(Infringement of the '376 Patent)**

16. Paragraphs 1 through 15 are incorporated by reference as if fully set forth herein.

17. Minotaur has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products, including any products that embody any of the claimed inventions of the '376 Patent.

18. Defendants have infringed and continue to directly infringe the '376 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that

satisfy each and every limitation of one or more claims of the '376 Patent. Such products include, but are not limited to, fleet-management and monitoring solutions which utilize driver drowsiness detection, such as AT&T Fleet Complete, among other products.

19. Defendants have infringed and continue to directly infringe at least claim 1 of the '376 Patent by making, using, offering to sell, selling, and/or importing into the United States products such as such as AT&T Fleet Complete ("Accused Products").

20. For example, AT&T Fleet Complete comprises an in-vehicle recording system. AT&T Fleet Complete comprises a data capture module capturing vehicle data and occupant data, wherein the data capture module captures biometric data. AT&T Fleet Complete comprises a video capture module recording video data inside and outside the vehicle. AT&T Fleet Complete comprises a data recorder in the vehicle, the data recorder recording the vehicle data, the occupant data and the video data and continuously synchronizing the occupant data with the vehicle data. Defendants have directly infringed this claim by, for example, using and testing the Accused Products in the United States.



21.     Defendants have indirectly infringed and continue to indirectly infringe one or more claims of the '376 Patent by knowingly and intentionally inducing others, including AT&T customers and end-users, to directly infringe, either literally or under the doctrine of equivalents,

---

[1] *See* https://www.business.att.com/content/dam/attbusiness/briefs/fleet-complete-vision.pdf.

7

by making, using, offering to sell, selling, and/or importing into the United States products (including the Accused Products) that include or use infringing technology.

22. Defendants, with knowledge[2] that these products, or the use thereof, infringe the '376 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continue to knowingly and intentionally induce, direct infringement of the '376 Patent by providing these products to end-users for use in an infringing manner. Alternatively, on information and belief, Defendants have adopted a policy of not reviewing the patents of others, thereby remaining willfully blind to the Patents-in-Suit at least as early as the issuance of the Patents-in-Suit.

23. Defendants have and continue to induce infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '376 Patent, but while remaining willfully blind to the infringement.

24. Minotaur has suffered damages as a result of Defendant's direct and indirect infringement of the '376 Patent in an amount to be proved at trial.

25. Minotaur has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '376 Patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

## COUNT II
### (Infringement of the '242 Patent)

26. Paragraphs 1 through 15 are incorporated by reference as if fully set forth herein.

27. Minotaur has not licensed or otherwise authorized Defendants to make, use, offer

---

[2] AT&T cited to the '376 Patent family against its own U.S. patent applications, which were issued as U.S. Patent Nos. 7,667,731, 7,505,673, and 8,818,614, the earliest of which was published on March 14, 2009.

for sale, sell, or import any products, including any products that embody any of the claimed inventions of the '242 Patent.

28. Defendants have infringed and continue to directly infringe the '242 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '242 Patent. Such products include, but are not limited to, AT&T Roadside Assistance system, among other products ("Accused Roadside Assistance Products").

29. Defendants have and continue to directly infringe at least claim 1 of the '242 Patent by making, using, offering to sell, selling, and/or importing into the United States the Accused Roadside Assistance Products.

30. For example, the AT&T Roadside Assistance System comprises a roadside assistance system. The AT&T Roadside Assistance System comprises a server receiving an assistance request from a vehicle, the server identifying the vehicle based upon the request and transmitting contact information of the vehicle to an assistance provider, sufficient for the assistance provider to remotely communicate with the vehicle directly. Defendants have directly infringed this claim by, for example, using and testing the Accused Roadside Assistance Products in the United States.

> **Manage AT&T Roadside Assistance**
> *If you have AT&T Roadside Assistance, learn how to get help on the road and peace of mind wherever you take your subscribed phone.*
>
> **DETAILED INFO**
>
> **What is AT&T Roadside Assistance?**
>
> The AT&T Roadside Assistance program, provided by Dominion Motor Club, is no longer available as an add-on for AT&T WIRELESS℠ accounts. Already a subscriber? As a reminder, the roadside coverage:
>
> - Follows the subscribed wireless device, not the vehicle, so you can call when you're a passenger
> - Includes 4 service events per year with a $75 maximum benefit per event
> - Isn't available for AT&T PREPAID℠ devices
>
> **Call AT&T Roadside Assistance**
>
> Make sure you have the subscribing device present. Then:
>
> 1. Press **#4357 (#HELP)** from your phone with AT&T or call **877.263.2600**.
> 2. Wait for AT&T Roadside Assistance to call you (or the person with the subscriber phone). They'll tell you:
>    - Which service provider will be helping you
>    - When you can expect the provider to arrive
>
> **Here's what's included with AT&T Roadside Assistance**
>
> AT&T Roadside Assistance service is available 24/7, 365 days a year. Best of all, you're covered throughout the U.S., the U.S. Virgin Islands, Puerto Rico, and Canada.
>
> Already subscribed to AT&T Roadside Assistance? Here's what you get:
>
> - Towing service due to mechanical failure
> - Jumpstart for a dead or depleted battery
> - Flat-tire change with your spare
> - Fuel delivery service if you run out of gas (up to 3 gallons)
> - Lockout assistance and key replacement (up to $75)
> - Minor mechanical adjustment (to get you back on the road)
> - Winching
> - Avis® rental car savings[3]

31. Defendants have and continue to indirectly infringe one or more claims of the '242 Patent by knowingly and intentionally inducing others, including AT&T customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering

---

[3] *See* https://www.att.com/support/article/wireless/KM1008830/.

10

to sell, selling, and/or importing into the United States products (including the Accused Roadside Assistance Products) that include or use infringing technology.

32. Defendants, with knowledge[4] that these products, or the use thereof, infringe the '242 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continue to knowingly and intentionally induce, direct infringement of the '242 Patent by providing these products to end-users for use in an infringing manner. Alternatively, on information and belief, Defendants have adopted a policy of not reviewing the patents of others, thereby remaining willfully blind to the Patents-in-Suit at least as early as the issuance of the Patents-in-Suit.

33. Defendants have and continue to induce infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was, and is, a high probability that others, including end-users, infringe the '242 Patent, but while remaining willfully blind to the infringement.

34. Minotaur has suffered damages as a result of Defendant's direct and indirect infringement of the '242 Patent in an amount to be proved at trial.

35. Minotaur has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '242 Patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

### COUNT III
**(Infringement of the '023 Patent)**

36. Paragraphs 1 through 15 are incorporated by reference as if fully set forth herein.

37. Minotaur has not licensed or otherwise authorized Defendants to make, use, offer

---

[4] AT&T cited to the '242 Patent family against its own U.S. patent applications, which were issued as U.S. Patent Nos. 8,756,641, 8,634,597, and 9,799,061, the earliest of which was published on January 1, 2014.

for sale, sell, or import any products, including any products that embody any of the claimed inventions of the '023 Patent.

38. Defendants have infringed and continue to directly infringe the '023 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '023 Patent. Such products include, but are not limited to, vehicle communication systems with a control unit having a wireless communication module and a power management module such as the AT&T In-Car Wi-Fi, among other products ("Accused Vehicle Communication Products").

39. Defendants have and continue to directly infringe at least claim 1 of the '023 Patent by making, using, offering to sell, selling, and/or importing into the United States Accused Vehicle Communication Products, such as the AT&T In-Car Wi-Fi.

40. For example, the AT&T In-Car Wi-Fi is a vehicle communication system. The AT&T In-Car Wi-Fi comprises a mobile communication device. The AT&T In-Car Wi-Fi comprises a control unit in a vehicle, the control unit having an OFF state, an ON state, and a LOW POWER state. The control unit comprises a wireless communication module communicating wirelessly with the mobile communication device. The control unit comprises a power management module commanding the control unit to enter the ON state in response to each of a vehicle ignition event, a vehicle running condition, an incoming wireless command signal, and environmental stimuli. Defendants have directly infringed claim 1 by, for example, using and testing the Accused Vehicle Communication Products in the United States.

[5]

41.     Defendants have and continue to indirectly infringe one or more claims of the '023 Patent by knowingly and intentionally inducing others, including AT&T customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include or use infringing technology, including the Accused Vehicle Communication Products.

42.     Defendants, with knowledge[6] that these products, or the use thereof, infringe the '023 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continue to knowingly and intentionally induce, direct infringement of the '023 Patent by providing these products to end-users for use in an infringing manner.  Alternatively, on information and belief, Defendants have adopted a policy of not reviewing the patents of others, thereby remaining willfully blind to the Patent-in-Suit at least as early as the issuance of the Patents-in-Suit.

43.     Defendants have and continue to induce infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that

---

[5] *See* https://www.att.com/plans/in-car-wifi/.

[6] AT&T cited to the '023 Patent family against its own U.S. patent application, which was issued as U.S. Patent No. 10,139,892 and was published on November 27, 2018.

there was and is a high probability that others, including end-users, infringe the '023 Patent, but while remaining willfully blind to the infringement.

44. Minotaur has suffered damages as a result of Defendants' direct and indirect infringement of the '023 Patent in an amount to be proved at trial.

45. Minotaur has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '023 Patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Minotaur prays for relief against Defendants as follows:

a. Entry of judgment declaring that Defendants have directly and/or indirectly infringed one or more claims of each of the Patents-in-Suit;

b. An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from further acts of infringement of the Patents-in-Suit;

c. An order awarding damages sufficient to compensate Minotaur for Defendants' infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

d. Entry of judgment declaring that this case is exceptional and awarding Minotaur its costs and reasonable attorney fees under 35 U.S.C. § 285; and

e. Such other and further relief as the Court deems just and proper.

Dated:  July 24, 2023                                  Respectfully submitted,

*/s/ John Andrew Rubino*
John Andrew Rubino
NY Bar No. 5020797
Email: jarubino@rubinoip.com
Michael Mondelli III
NY Bar No. 5805114
Email: mmondelli@rubinoip.com
**RUBINO LAW LLC**
51 J.F.K. Parkway
Short Hills, NJ, 07078
Telephone: (201) 341-9445
Facsimile: (973) 535-0921

Justin Kurt Truelove
Texas Bar No. 24013653
Email: kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston
Marshall, Texas 75670
Telephone: (903) 938-8321
Facsimile: (903) 215-8510

***ATTORNEYS FOR PLAINTIFF,
MINOTAUR SYSTEMS LLC***